IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF                                               CHAPTER 13

WOODROW PRICE III                                         CASE N0.-15-03421-NPO

RESPONSE/ANSWER TO TRUSTEE'S OBJECTION TO
UNSECURED CREDITOR'S AMENDED PROOF OF CLAIM

1

NOW INTO THIS HONORABLE COURT COMES JERRY W. BAUGHMAN, UNSECURED CREDITOR/MOVANT, humbly requesting that this CHAPTER 13 BANKRUPTCY COURT consider movant's reasons for the pleading seeking relief to be allowed to remain as a UNSECURED CREDITOR in the CHAPTER 13 BANKRUPTCY PROCEEDINGS.

2

Movant, Jerry W. Baughman, is representing himself Pro Se, not as a preference or to disrespect the court or hearing judge; but simply as a matter of necessity. In seeking representation through counsel, Petitioner, Jerry W. Baughman, was unsuccessful in retaining and affording an attorney. Several Chapter 13 Bankruptcy attorneys provided a modicum of guidance.

3

On May 18, 2016, Movant filed a final Proof of Claim to supercede, supplant any previous Proofs of Claim and to render them Null and Void. The final Proof of Claim is for an amount of Damages, to be considered by the court, in the amount of $50,000. Under the 30% allotted, allowed in the confirmed plan, Movant/Petitioner is seeking to recover $15,000 as an equitable amount, as evidenced by the documents filed in the Southern District of the State of Mississippi Chapter 13, U.S. Bankruptcy Court.

4

Aforementioned documents filed, accompanying the initial Proof of Claim, including a lawsuit filed in the Hinds County Court by Movant/ Petitioner's previous attorney, Mike Maggio, Maggio and Thompson, Attorney's at Law, 174 W. center St., Canton, MS. 39046, a copy of a vehicle accident report issued by the State of Mississippi Highway Patrol, Hinds County, Movant's W-2 Wage Statements, as well as Payroll

Stubs, Medical Records; and a copy of a Preliminary Estimate of Vehicle Damages from THORNE'S COLLISION CENTER, 4075 PEMBERTON SQUARE BLVD. Vicksburg, MS. 39180. Movant/ Petitioner's 2006 Toyota Tundra Limited Pickup truck was Totaled on the night of April 27, 2014; whenever Debtor/Defendant, Woodrow Price lll, crashed into the rear driver side of Mover, Jerry W. Baughman's Toyota. Defendant, Woodrow Price lll has been estimated as having been traveling approximately 100 MPH, when he fell asleep.

5

Movant, Jerry W. Baughman, cites these court records merely to document lost wages, physical, property damage, and bodily injuries caused on the night of Sunday, April 27, 2014 by Debtor/Defendant, Woodrow Price lll.

6

Movant, Jerry W. Baughman, cites the Nexus Test, if Apropo, to enjoin together the Movant/Petitioner and Debtor/Defendant in this action. Movant, Jerry W. Baughman also cites "The Best Interest of Creditor's Test(Equivalent to Recovery in a Chapter 7 Bankruptcy Proceeding) Under Title 11, U.S.C. Bankruptcy Code, Section 1325 (a) (4). To Wit Petitioner, Jerry W. Baughman asserts a Portion of the 30% allotted to Unsecured Creditors should be apportioned to him, as relief. This Pleading also cites Fed. R. Banker. P. 3001, as being appropriate to the matter before this court to be Adjudicated/Judged in the Evidentiary Hearing Set for June 1, 2016 at 10:00 A.M. Had Petitioner's attorney, Mike Maggio, been permitted to Serve Notice of the Lawsuit Filing to the Debtor/Defendant, Woodrow Price lll, in a more expedited, timely manner; there is little doubt he would have prevailed in confirming a default Judgment and Liquidating Damages. Petitioner, Jerry W. Baughman, requests that This Honorable court Assign Damages, as appropriate under State of Mississippi Bankruptcy Law, and by reviewing all filed, attached documents of record with This Chapter 13 Bankruptcy Court for the Southern District of Mississippi.

7

Petitioner, Jerry W. Baughman, believes said documents support the claim of damages sought, due to sustained injuries for Loss of Property, Medical Injuries, Loss of Wages and future Lost Wages/Income in 2014, because of the negligence on the part of the Debtor/Defendant, Woodrow Price lll, in causing the aforementioned Vehicle Accident. Petitioner, Jerry W. Baughman, lost his employment with FedEx Ground, 555 Compress Dr., Memphis, TN. Where he was employed as a D.O.T. Certified C.D.L. Class- A Commercial driver through his employer Leased on with FedEx Ground; Chad Sandine, Groundhogz, Inc., an Owner Operator. Petitioner, Jerry W. Baughman, lost his employment and could not return to FedEx Ground in Memphis, TN.; directly due to the loss of his 2006 Toyota Tundra and recovering from his Medical Injuries. Thus, the vehicle accident rendered him unable to return to work. Petitioner also asserts , through a copy of The Proof of Service filed in the Chapter 13 Bankruptcy Court; that Debtor/ Defendant

Woodrow Price lll was very difficult to locate and Serve Notice of Filing of Said Lawsuit. Ultimately, Debtor/Defendant, Woodrow Price lll was Served at the Moose Lodge Bingo Hall in Vicksburg, MS. Where he was gambling. Movant/Petitioner, Jerry W. Baughman further asserts and states that Debtor/Defendant, Woodrow Price lll, is not a victim of unfortunate calamity or other unforseen circumstance that landed him in Chapter 13 Bankruptcy Court. It appears the Defendant has been wanton and has acted deliberately, irresponsibly, recklessly, carelessly, and negligently in regard to his actions against Jerry W. Baughman, Petitioner/ Unsecured Creditor; and in the manner in which he handles his income and debts. On the night of Sunday, April 27, 2014, Defendant/ Debtor, Woodrow Price lll willfully got behind the wheel and controls of his 2012 Honda Accord, while drowsy, and proceeded to drive his vehicle, did fall asleep and collided with Petitioner, Jerry W. Baughman, the night of the accident. A Cautious, Prudent person would not act in this manner.

8

Petitioner/Unsecured Creditor, Jerry W. Baughman, Prays for Relief/ Damages From This Honorable and Just Court and that he be allowed to Remain as an Unsecured Creditor at an Apportioned 30% Allowed Unsecured Creditors Before This Chapter 13 bankruptcy Court and seek Relief in Avoiding Discharge. Petitioner is seeking and Prays for Monetary Relief/Damages in the Amount of $15,000. Petitioner, Jerry W. Baughman Prays for any other Relief In These Premises As May Be Proper, Afforded, and Granted By this Court.

Thank You,

Respectfully,

*Jerry W. Baughman*

Jerry W. Baughman

Please Serve Via U.S. Mail:

U.S. Bankruptcy Court
501 East Court Street, Suite 2.300
P.O. Box 2448
Jackson, MS. 39225-2448

James L. Henley, Jr.
P.O. Box 31980
Jackson, MS. 39286-1980